J-S13014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHELLE MARTIN | |
| Appellant | No. 594 WDA 2015 |

Appeal from the Judgment of Sentence March 26, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000907-2014

BEFORE:  LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 17, 2016**

Michelle Martin appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County after a jury found her guilty of false statements under the Public Welfare Code.[1]  Upon careful review, we affirm.

This case stems from Martin's failure to report the employment wages of her son, Matthew Malone, and, as a result, receiving an overpayment of food stamps in the amount of $2,487.  After a two-day jury trial, Martin was convicted of the foregoing offense and, on March 26, 2015, the trial court sentenced her to five years' probation.  Martin filed a timely notice of appeal,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 62 P.S. § 481.

followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Martin raises the following issues for our review:

1. Whether the trial court abused its discretion in overruling the defense's objection and permitted testimony regarding routine practice?

2. Whether the trial court abused its discretion in permitting the Commonwealth to present testimony regarding [Martin's] prior welfare charge from 2001 when that was resolved through entry and completion of the [Accelerated Rehabilitative Disposition ("ARD")] program?

Brief of Appellant, at [4].

Martin first claims that the trial court erred in allowing Harry Harbst, a continuing eligibility caseworker with the Department of Public Welfare, to testify to his "routine practice" in conducting benefits reviews. This claim is waived.

The failure by an appellant to develop an argument with citation to and analysis of relevant authority waives the issue on appeal. ***Bombar v. West Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007). Here, the argument section of Martin's brief begins by setting forth the standard of review for claims involving the admission of evidence. However, Martin fails to develop and support her claim with citation to pertinent caselaw or other authority regarding the admission of "routine practice" evidence. Accordingly, this claim is waived.

- 2 -

Martin next asserts that the trial court abused its discretion by permitting the Commonwealth to present testimony regarding her prior welfare fraud charge, which was resolved through the ARD program. Martin claims that the prejudicial nature of this evidence outweighed its probative value because the prior charges, from 2001, were too remote in time. The 2001 charges stemmed from Martin's failure to report a change in household composition when she separated from her husband because it would have reduced her benefits. For the following reason, this claim is meritless.

We begin by noting that the admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citations omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* at 357-58 (citation omitted).

Relevance is the threshold for admissibility of evidence. *Commonwealth v. Cook*, 952 A.2d 594, 612 (Pa. 2008). Pennsylvania Rule of Evidence 401 provides as follows:

Rule 401. Test for Relevant Evidence

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Pa.R.E. 401. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact." *Commonwealth v. Drumheller*, 808 A.2d 893, 904 (Pa. 2002). All relevant evidence is admissible, except as otherwise provided by law. Pa.R.E. 402. However, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

Nonetheless,

[e]vidence will not be prohibited merely because it is harmful to the defendant. This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged. Moreover, we have upheld the admission of other crimes evidence, when relevant, even where the details of the other crime were extremely grotesque and highly prejudicial.

*Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007).

Finally, "when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence. . . . Jurors are presumed to follow the trial court's instructions." *Commonwealth v. Hairston*, 84 A.3d 657, 666 (Pa. 2014).

In this case, the challenged evidence consists of testimony regarding a past crime committed by Martin. Regarding the admission of such evidence, P.R.E. 404(b) provides as follows:

Rule 404. Character Evidence; Crimes or Other Acts

* * *

(b) Crimes, Wrongs or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

The trial court concluded that the challenged evidence was relevant and probative because Martin's defense was that she had mistakenly and/or accidentally failed to report her son's employment status. The court further noted that the potential for undue prejudice was mitigated by the cautionary instructions provided to the jury. The first instruction, provided immediately following the challenged testimony, stated as follows:

THE COURT: All right, ladies and gentlemen, let me give you an instruction here. First of all, when this type of evidence is admitted about a prior act, a prior act here involving a false statement to the Department of Public Welfare, I'm not admitting it to show that the person is bad, evil, criminal or criminally disposed, but you're entitled to have that information in my view, and you may use it only for a limited purpose. You may use it to decide in judging this case whether what occurred

- 5 -

here under the totality of the circumstances is a result of either absence of mistake, or mistake or an accident, okay? When you're looking at why [son's employment] isn't on there, on the form, you're entitled to judge what happened in the past to look at the statement about why this here, was it an accident, was it a mistake, was there a motive here. You can consider that for those purposes, but you cannot just conclude, problem in the past, guilty today. That would be wrong, okay?

N.T. Trial, 1/13/15, at 95-96. The court's second cautionary instruction came during the jury charge and provided as follows:

THE COURT: The defendant had a prior episode where she was charged with making a false statement to welfare. That's relevant here, but only for a limited purpose, only for the purpose of determining whether what happened here is a mistake – result of a mistake or accident. Okay? It's not here and can't be used to determine that she is necessarily guilty of this offense or that she[] is a bad person. It has limited relevancy. Use it that way.

*Id.* at 146.

In this case, Martin's prior conviction involved her failure to report a change in household composition; her current charges involved failure to report income earned by a household member. The two crimes were similar, in that they involved a failure to report information to the Department of Public Welfare that was pertinent to determining the amount of benefits to which Martin was entitled. The evidence of Martin's prior conviction was admitted solely to demonstrate that it was unlikely she had forgotten or made some other mistake in failing to report her son's income. A violation of 62 P.S. § 481 requires that the defendant's representation be willful. The evidence of Martin's prior crime tends to make it more likely than not that her misrepresentation in the instant matter was willful, rather than

negligent, as she would have learned from her prior experience the consequences of failing to report pertinent information to the Department.

Moreover, Martin's bald assertion that "the act was too remote in time to have probative value," Brief of Appellant, at [7], is unpersuasive and lacking in any support, in the form of caselaw or otherwise. Indeed, remoteness in time is merely one factor to be considered in determining the admissibility of prior bad acts evidence. *Commonwealth v. Aikens*, 990 A.2d 1181, 1186 (Pa. Super. 2010).

Here, the trial court provided two curative instructions regarding the limited purpose for which the evidence was to be used by the jury. The jury is presumed to have followed those instructions. *Hairston*, *supra*. Upon review of the record as a whole, we cannot conclude that the evidence of Martin's prior welfare fraud conviction was so unfairly prejudicial as to "divert the jury's attention away from its duty of weighing the evidence impartially." *Dillon*, 925 A.2d at 141.

Judgment of sentence affirmed.

STABILE J., Joins the memorandum.

FITZGERALD J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016